UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY LEE HENDERSON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | No. 4:07-CV-902 (CEJ) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM**

This matter is before the Court upon the motion of Larry Lee Henderson to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The United States has filed a response, and the issues are fully briefed.[1]

Following a jury trial, Henderson was found guilty of 20 counts of passing counterfeit checks, in violation of 18 U.S.C. §§ 513(a) and (2). He was sentenced to concurrent terms of 63 months' imprisonment. The judgment was affirmed on appeal. United States v. Henderson, 440 F.3d 453 (8th Cir.), cert. denied, 549 U.S. 918, 127 S.Ct. 270, 166 L.Ed.2d 208 (2006).

In the present motion, Henderson asserts claims of prosecutorial misconduct and ineffective assistance of counsel. For the following reasons, the Court concludes that Henderson's claims lack merit and he is not entitled to relief.

**I. Prosecutorial Misconduct**

Henderson's first claim is that the government engaged in prosecutorial misconduct by failing to disclose information about the organizational victims in the criminal case. Rule 12.4(a)(2) of the Federal Rules of Criminal Procedure requires the government to file a

---

[1] Henderson filed a "Reply" to the government's response to his § 2255 motion. In it, he asserts additional grounds for his claim of ineffective assistance of counsel.

-1-

statement identifying the organization that is a victim of the alleged criminal activity, including information about the ownership of a victim-organization that is a corporation.

The government admitted that it did not file the required statement, and Henderson asserted on appeal that he was entitled to a new trial because of this omission. The Court of Appeals rejected his claim. Henderson, 440 F.3d at 456. Because the claim was presented and decided on direct appeal, Henderson cannot relitigate it in a proceeding under § 2255. Bear Stops v. United States, 339 F.3d 777, 780 (8th Cir. 2003); United States v. Holtzen, 718 F2d 876, 878 (8th Cir. 1983).

Henderson's second claim of prosecutorial misconduct is that the government failed to "pierce the corporate veil," which was a prerequisite to holding him personally liable for the crimes charged in the indictment. His third claim concerns a fraudulent check for $150,000 that was the subject of Count 2 of the indictment. Henderson contends that he could not have passed this check because he was in prison at the time it was negotiated. He argues that the government prosecuted him for this offense in retaliation for exercising his right to a trial.

Although they are couched in terms of prosecutorial misconduct or prosecutorial vindictiveness, Henderson's second and third claims are no more than challenges to the sufficiency of the evidence. Henderson challenged the sufficiency of the evidence on direct appeal, and the issue was decided adversely to him. Henderson, 440 F.3d at 455-456. Therefore, he is precluded from raising the issue again in his § 2255 motion. Bear Stops, 339 F.3d at 780.

## II. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a movant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). There exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. Id. at 689. In order to show prejudice, a movant "must show that

there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The failure to show prejudice is dispositive, A court need not address the reasonableness of the attorney's performance in the absence of prejudice. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

Henderson first alleges that his attorney failed to inform the Court that his diabetic condition affected his ability to assist in his defense. He suggests that she should have asked for a delay in the trial pending review of his medical condition. In her affidavit, defense counsel states, "At no time did Henderson advise Affiant that he was unable to proceed or, did Affiant believe that he was unable to do so by way of some physical and/or mental disability or incapacitation." [Doc. No. 3-1], ¶ 12]. In his reply memorandum, Henderson does not dispute counsel's statement. Instead, he suggests that somehow counsel should have known that he was too ill to proceed. Henderson, however, points to no manifestations of his illness that would have been observable by his counsel nor does he describe the adverse effects of his diabetic condition that he experienced during the trial. Further, when Henderson testified at trial he exhibited no difficulty in responding to the questions he was asked. Significantly, when he was specifically asked to do so, Henderson had no trouble recalling testimony given by witnesses who had testified earlier. Defense counsel did not provide ineffective assistance by failing to notify the Court of an unsubstantiated impairment or by failing to request a delay in the trial when there was no indication Henderson's medical condition impeded his ability to participate in the trial or assist in his defense. Henderson is not entitled to relief on this claim.

Henderson's next claim of ineffective assistance is based on the allegation that his attorney failed to interview Pastor Freddie Thompson and other unnamed witnesses and failed to call them to testify at trial. Henderson does not describe the information that could have been garnered from an interview of the witnesses. He does not show that any of the

witnesses were available or willing to testify at trial. Further, he provides no information as to the testimony these witnesses would have given. Instead, he states only that the testimony of the witnesses would have given the jury "information other than the Government's story of posited facts and would hav proved the Movants' [sic] innocence." Reply, p. 3 [Doc. No. 4]. Henderson's allegations are insufficient to show a reasonable probability that, but for counsel's failure to interview or call witnesses, the outcome of the trial would have been different. See United States v. Vazquez-Garcia, 211 Fed. Appx. 544, 546 (8th Cir. 2007) [citing Sanders v. Trickey, 875 F.2d 205, 210 (8th Cir.), cert denied, 493 U.S. 898, 110 S.Ct. 252, 107 L.Ed.2d 201 (1989)]; Saunders v. United States, 236 F.3d 950, 952-53 (8th Cir.), cert. denied, 533 U.S. 917, 121 S.Ct. 2524, 150 L.Ed.2d 696 (2001) (speculation as to potential witness' testimony insufficient to establish prejudice under Strickland).

Henderson's final claim of ineffective assistance is based on his attorney's failure to present evidence that Henderson was in prison at the time a $150,000 check made payable to him was negotiated. According to the government's evidence, a woman presented the check and a deposit slip to a bank teller. It was later determined that the deposit slip bore Henderson's fingerprint. Henderson testified that he had no knowledge of the check or of how his fingerprint got onto the deposit slip. He further testified, however, that there were a number of individuals who had access to and could have taken a deposit slip from his checkbook.

The fact that Henderson was in prison at the time the check was negotiated would not have contradicted the evidence that the check was made payable to him and that his fingerprint was on the deposit slip. In his testimony, Henderson denied knowledge of the check and provided a possible explanation for the presence of his fingerprint on the deposit slip. Henderson does not explain how evidence of his incarceration would have aided his defense or, more importantly, how it would have changed the outcome of the trial. As such, he has not established prejudice.

### III. Conclusion

For the foregoing reasons, the Court concludes that Henderson has not shown that he is entitled to relief under 28 U.S.C. § 2255 based on any of the claims he asserts in the motion. The Court finds that Henderson has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253.

An appropriate Order will accompany this Memorandum.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 7th day of September, 2010.